Carolyn W. Colvin, Acting Commissioner, arguing this night to exceed 15 minutes per side, Mr. Desmond for the petition. Good afternoon, Your Honors. Christopher Desmond on behalf of the petitioner, Raquel Valente. Your Honors, ordinarily when I'm here, it's because we're here at the request of parties. I know today is a little bit different, as the panel has requested that we come in today to present oral arguments. So, it's my assumption that there's a specific, oh, I apologize, before I continue any further, I wanted to request three minutes of oral time. It's my assumption that the panel has a specific issue, and it may revolve around the competitive decision that came down from the Second Circuit. But if the panel has specific questions that were the motivating factor for asking us to come in for oral argument, I'd be happy to address those initially. If not, I'd like to start with issue one of our brief, which is the issue of whether or not work activity is a material factor to the determination of whether or not a civil monetary penalty can be imposed in a case such as this. And so, as both parties have sort of zeroed in on, the Code of Federal Regulations certainly says that an individual who's receiving benefits has an obligation to report changes of work activity. So, I don't think there's any dispute about that. The question is, in light of the statutory authority from which the agency derives its authority, that being the Social Security Disability Act, in light of that act, whether or not that regulation is consistent with the congressional intent. And in making that determination, where the ALJ went and where the appellate board went in the Second Circuit in Copeta, we've been analyzing Section 421M of the act. And so, Section 421M of the act makes this distinction between individuals who have been receiving benefits for 24 months or less. Now, you can assume we're familiar with these. Right. And so, you know, Your Honor, we've taken the position, and I maintain that position today, and I do it knowing what Copeta says. We maintain that under 421M of the act, because Ms. Holland had been receiving benefits for more than 24 months, work activity was not the material question that the commissioner was supposed to be focused on in determining the imposition of a civil monetary penalty. Well, I mean, the provision in issue of the M-1B says the commissioner may not use as evidence somebody's – he can't use somebody's work activity as evidence of no longer being disabled. Correct. Correct, more or less, right? Correct. Now, that doesn't necessarily mean – may or may not mean that work activity is not material, as that term is used in the statute. Material is – does that say it's something the government can consider? I'm just trying to remember. Yeah, material is essentially defined by both the act and the Code of Federal Regulations as evidence that the commissioner may – I believe is the term – that the commissioner may consider. Okay, so you have a difference in verbiage there. Do you think that matters? You can't use it as evidence, and materiality looks to whether they can consider it, and I think they are sort of arguing – and I forget if the Second Circuit went this way – hey, we can consider it, we just can't use it. Do you have any thoughts on that? Well, so, Your Honor, the verbiage of your question and the fact that you've indicated the way the Second Circuit looked at it, it sort of flows into another question in this case, and I'm not trying to avoid your question because I think this is all connected, which is what would an individual reading these words have an understanding that they mean? That's always a good question. Right? And so because one of the things that – Especially if she's going to get fined. Well, that's exactly correct. I mean, the initial fine in this case was for $100,000, and of course that was reduced to $75,000, but that's still a very significant sum for any individual, let alone an individual who has been deemed disabled by our government. And so when she's reading through this Act, presuming that she's done so, when she's reading through this Act and she sees language saying that the government may not use evidence of work activity to initiate proceedings against you to determine whether or not you're still disabled, I think it's very reasonable in light of – and I don't necessarily include myself in this group – but very intelligent individuals who are sitting around analyzing these terms and analyzing the statutory intent, the Code of Federal Regulations, the congressional decrees, when you've got individuals having realistic debates about what these words mean, to say that an individual who's on Social Security Disability for mental reasons, for psychological reasons, that she should be able to look at this and reasonably conclude that this is a material fact, to me, I think that's a – that's almost a more interesting question to me in this case than whether or not work activity is a material fact. But the actual facts are it wasn't just that she was engaged in work activity. She was earned – she was engaged in work activity that produced earnings for her, right? She was getting roughly $400 a week. Well, so that was the ultimate conclusion, Your Honor. My client disputed that during the administrative stage, as did her brother, who was considered to be the employer by the individual who was accusing them of this kind of – He said it was just charity. Right. He's saying essentially that this is my sister who was disabled, and I was giving her the maximum amount under the IRS regulations. I was gifting her the maximum amount per year, and in addition to that fact, I also had this organization that I ran, and she would occasionally answer a phone for my organization, but those two factors are not connected to one another. The ALJ found that she was actually being paid for the work she did for her brother, right? The ALJ did find that but was, from my reading of it, was essentially unable to determine to what degree she was being paid for what degree of work. And so you have Mr. Watt, who's the individual who initially made these accusations, and the ALJ found that Mr. Watt had credibility issues because he hadn't actually been with the organization for the entire amount of time, had not been witnessing these events. There was an investigator from the administration who began to investigate my client after these allegations were made against her who said that, you know, they essentially went to this business and watched the business and never saw my client being present at the business, contrary to Mr. Watt's testimony that she was there 32 to 40 hours per week. And so I don't think, you know, there ultimately had to be factual findings made, and so what the ALJ said from my reading of it is, I do think that there was some work activity being undertaken, but I don't believe that it was to the degree that Mr. Watt said that it was. And that was ultimately the reason why he chose not to impose a civil monetary penalty, because he said, in light of this lack of clarity and all the surrounding circumstances, a civil monetary penalty is not justified. The review board reversed on that opinion and ended up imposing, contrary to what the inspector general was seeking, which was a $100,000 penalty, the review board imposed a penalty of $75,000, and I don't really understand the calculus behind that determination. The review board has language in their opinion saying that we're not going to disregard the factual findings of the administrative law judge, and that's essentially because they really can't, they weren't the ones who took in the testimony, he was. So the review board says we're not going to disregard those factual findings, but we're going to find that instead of it being $0, it should be $75,000. I wanted to focus you on, I mean, we focused on this disability point that work activity cannot be used as evidence to show the individual is no longer disabled. The Second Circuit, though, seems to be focusing on this other statutory language about engaged in substantial gainful activity. So why isn't work activity relevant to the determination of whether the recipient has engaged in substantial gainful activity? Well, so first of all, what I would say is the fact that when you look at Section 421M and within 421M, Congress used both of those terms in distinct ways. That's typically an indication from a statutory interpretation standpoint that those phrases have different meanings from one another. Otherwise, Congress could have simply chose to use the same word in both of those sentences. What if substantial gainful activity incorporates work activity? Well, and so your point is, since they are different, couldn't Congress determine work activity is not relevant for disability, but that it is relevant for substantial gainful activity? Congress could. Isn't that what the plain reading of the statute is? So my understanding of the term substantial gainful activity read in the context of the Act is that it refers to not necessarily work activity, but the ability to earn on a national scale, whether or not your skills could lead to earnings in the context of the national economy. And I believe why that's relevant in this case sort of highlights the importance of it. There are going to be occasions where you have family members who, out of generosity or charity, say, look, I have a shop and I know your disabilities. I'll let you come in and sweep up, and I'll give you some payment. That doesn't necessarily mean that you're able to participate in the national economy, and your family members' charity shouldn't be held against you to penalize you by imposing civil monetary penalties. But doesn't the ALJ need to know about the work activity to determine whether or not the activity is ability to earn at national scale? From a policy standpoint and a practical standpoint, I could certainly see why someone would reach that conclusion. What I would say to the panel is that's not what Congress states in the Act. What Congress indicates in the Act is that if you've been receiving benefits for more than 24 months, we shall not consider work activity. And so when you look at the definition of material fact, and when the definition of material fact specifically says, and it's a very broad definition, but it does have an exclusion. The definition of material fact is anything that the commissioner may consider. So, therefore, if the commissioner, by extension, may not consider it, it's not material. Well, what 421M says is that for someone who's been receiving benefits for more than – you can't use it. You can't use – you can't use it. It's almost a conflict between M1 and M2. I mean, M2 says, you know, the commissioner can terminate benefits based on earnings that represent substantial gainful activity. Well, so it's only a conflict, Your Honor, in my view. It's only a conflict if you conclude that work activity and earnings from substantial gainful – or substantial gainful activity is the same thing. My submission is it can't. You can't read a statute as being – No, you can't, but substantial gainful could be work activity plus some other stuff, such as earnings at a certain level. In which case, if you're trying to determine substantial gainful activity, maybe you have to look at work activity. Yeah. Just real quick. This is a hard case. Yes. And it's a little bit hard because there's some relevant provisions that weren't cited in the briefs. Regulations speaking directly to this provision that somehow Golan mentioned. And there's a provision, a neighboring provision, I think it's 422C5, which I guess speaks to damages, for lack of a better term, how the agency calculates overpaid benefits in the instance where somebody withholds material information. And that says upon imposition of a civil monetary penalty under 42 U.S.C. section 1320AA, which I think is the materiality provision, for fraud – upon a finding that an individual has fraudulently concealed work activity, doesn't that provision, just by implication but very clearly, indicate that somebody can have this very penalty for fraudulently concealing work activity? So, Your Honor, and this isn't me trying to punt. It's very difficult for me to answer, having not been prepared for that specific provision. It's the next-door neighbor provision, though. Yeah, I understand. You know, it's different statutes. It's not just, you know, looking at C.A.s and C.A.s. Certainly, I understand. What I would say is that, under my argument, I don't believe that I'm arguing that Congress has made work activity always immaterial. We're arguing that Congress specifically elected to make work activity material for individuals who are receiving it for less than 24 months, but not for individuals who have been receiving benefits for more than 24 months. And so, I don't know if that statute can be – That's a very thoughtful answer. Thank you. Thank you, Your Honor. Okay, you'll have your rebuttal. Thank you. May it please the Court, my name is Patricia Gagey. I'm representing the Commissioner. I apologize for the lack of clarity and completeness in our brief. That's okay. I mean, it's all right. The first thing I want to say is that one of the reasons for confusion, I believe, is that the provisions for disability, both statutory and regulatory, that the Court is quite familiar with, I'm sure, are really completely separate from this authority that's been granted to the Commissioner to impose a civil monetary penalty. And I think that is one area where our brief added to some confusion, because it cited regulations as if they were applicable when really they make the appropriate distinction between the civil monetary penalty and assessment regulations and the disability regulations. Of course, they relate to one another, but there are two separate schemes, and they're administered completely separately. I think this Court has a little bit of familiarity with civil monetary penalties applied to hospital associations, but this, I believe, is the first case the Court has seen where these penalties and assessments are applied in the area of individual. All right, well, the Second Circuit decision last month was maybe the first in the country, I guess. I believe that's correct. So the first point I'd like to make is that the civil monetary penalty is imposed for a person who makes a misleading statement, a false statement, or withholds information, and if you leave out all the intervening words that don't apply, withholds a fact which the person knows or should have known is material to the determination of the amount of monthly benefits, if the person should know that withholding is misleading. And there's nothing in 421 that gainsays anything there. Well, I mean... Nothing in 421... I'm sorry. 421, I think we're talking about the same section, 421, whatever, M1B, says... Well, okay, so that says the commissioner cannot use evidence, cannot use the person's work activity as evidence that she is no longer disabled, right? That's right. Okay, so that might lead somebody like Ms. Fallon to think, okay, well, they can't use that against me, so maybe I'll have to provide that. But moreover, respectfully, in the regulations that are not cited in the brief, those specifically, the commissioner's regs, those specifically assure persons in Ms. Fallon's position that we will not use work activity against you. It's captioned in those terms to determine whether you remain disabled. And moreover, in the preamble or the supporting commentary in the CFR that propagated these things, the government says, we know this is kind of unusual, but we see no other possible interpretation of M1B. So why should we expect Ms. Fallon to make this nuanced distinction between, you can't use this against me, but somehow you can consider it? I mean, is that something that she knew or should have known? The ALJ said no, and I'm wondering why isn't the ALJ right about that knowledge issue as opposed to necessarily the bottom line statutory interpretation? The ALJ agreed, and I don't think there's any disagreement, that a disability recipient has an obligation to report to the agency when she returns to work, when her earnings increase, when she gets earnings for work that she's been previously doing. There is absolutely an obligation to report when she returns to work. And the ALJ agreed with that. What the ALJ found that's confusing and causes us to be here for this case is that for a person who has been receiving benefits for 24 months, because of this 421M1 section, that information that the person has been working is no longer material for purposes of imposing a penalty. Right. There's nothing about that that says she doesn't have to report it. And the ALJ didn't say that meant she didn't have to report it. The ALJ said it can't be material. That's correct. At the first time, the ALJ said it can't be material because you can't use it against her. Right. And then the board says no, based on the argument that the government was presenting here. And then it goes back, and the ALJ says, well, fine. By the way, he tries to correct them, basically, on what he thinks is the plain meaning. But the ALJ says, okay, well, be that as it may, there's no way that Ms. Valin knew or should have known what you're saying now based on what the statute seems to be telling her. Why isn't that right? That's right. What he's saying is, he's saying, even though everyone knows, and I think that's a fair characterization of how he sees the world, even though everyone in the disability world knows or should know that a return to work is a critical piece of information that must be reported to SSA, and that includes Ms. Valin, for those people who have been on disability for 24 months, that return to work information, even though under 421M2, it's a component of substantial gainful activity that the secretary or the commissioner might use to terminate benefits, because of the first subsection of that statute, I consider it not to be material, and I believe that it's so clearly not material that a beneficiary could not understand that it was material. So it's true. What's your response to the ALJ's argument? That's just wrong. Well, I understand you said that, but give me some reason. Well, first of all, the beneficiary's obligations are set out in the rules that govern benefits, and the rules that govern benefits tell her she has to report work. Well, the statute trumps, let's say the statute trumps the rest. At least, why would she know this from the statute? Well, let's get to 421 then, because 421 itself seems to be aimed at the continuing disability review and the determination of disability. The only rational way to read these two sections together is to read those as meaning that work activity is not going to be used to determine that the person is no longer physically disabled or mentally disabled, meaning unable to perform work. And that's no small concern for disability beneficiaries. There are periodic, what they call continuing disability reviews in this statutory section, are periodic requirements that recipients undergo medical reviews to ascertain whether they have improved to the point where they can no longer be considered having impairment. Ergo what? So this provision makes sure that someone who tries to return to work is not going to be required to undergo an additional medical review of that sort simply because they tried to return to work. It's not just they won't initiate a review. It's also you can't use it as evidence that you're non-disabled. Right, and that it won't be used as evidence.  of being engaged in substantial gainful activity. That's your next point. It's critical evidence of substantial gainful activity. Okay, there was no finding of substantial gainful activity by the ALJ in this case, was there? The ALJ refused to consider that issue. Okay, if we determine that work activity is relevant to this determination of whether there is substantial gainful activity, is the remedy here to remand it to the ALJ to determine whether there is substantial gainful activity? If work activity is relevant, if work activity is material, then it doesn't need to be sent back to the ALJ because the ALJ has already determined that she didn't report work activity. And that alone is enough. You don't have to find that there is substantial gainful activity to determine that the failure to disclose the work activity is material. Not for this purpose. For the purpose of imposing an assessment or a civil monetary penalty, all that the commissioner required was a finding that she failed to disclose a material fact. And then if work activity is a material fact, that's all that's necessary. There's substantial evidence in the record. So the governor's position is it's material without a finding of whether there actually was substantial gainful activity. That's correct. Does that mean that if she worked or her brother just referred her, wouldn't pay anything, she worked there 32 to 40 hours a week, you're still saying she was subject to a penalty? She might have been subject to a penalty, and this is where Cuttick comes in. She might have been subject to a penalty because she was required to report that she was working. I don't think she would have been subject to an assessment because an assessment can only be made where there is an overpayment of benefits. And if she worked, that couldn't be considered to find that she was disabled, or that she was not disabled, I'm sorry. So they couldn't have found that she wasn't entitled to the payment she got, so she couldn't have gotten an assessment. So even people on disability who work as a volunteer for an organization are subject to penalties because they don't report that they're working as a volunteer somewhere on disability? Only if it amounted to what the agency defines as substantial gainful activity, and typically that requires... Was that a finding of substantial gainful activity? You just said there, you said only if it amounted to substantial gainful activity. So my question is, don't you have to have a finding of A and J that there's substantial gainful activity before you can determine it's material? No. What's your authority for that? The substantial gainful activity finding comes on the other side of the house when they decide whether or not to terminate benefits. And in fact here, they did terminate her benefits because the ordinary disability review process did make a finding that she was engaged in substantial gainful activity. But that's separate from this civil monetary penalty and assessment process. As I understand the record here, the commissioner sought this penalty and regained her benefits solely on the grounds of her failure to disclose work activity, not substantial gainful or earnings. That's correct. Why in the world did the commissioner do that? I don't know. I mean, yeah, you might not know. It's almost like a test case of this issue or something because, you know, you had all of this earnings and, you know, one would think you could make a pretty strong substantial gainful activity argument here, yet they're running the gauntlet of work activity and putting us through the paces here. And you do. I mean, putting us all through the paces. No doubt they could have alleged substantial gainful activity or earnings. We don't like this. Right. We don't have to do it. Well, this was not an argument that was ever made by the claimant. This was an argument that the ALJ came up with, both here and in the pathetic case. So I don't think they saw this coming. And I suspect they thought that the evidence of her working was the easiest thing to prove. They had trouble getting records. Let me ask you a quick question. Does the Social Security Administration have a certain level of what they consider substantial gainful activity? I mean, it's like 1,000 a month. Yes, there's a regulation. It has a table built in and accounts were changed by year. It has to amount to a certain number of dollars. Has anybody done the calculation in this case as to what the level of substantial gainful activity is? What it would appear? For this particular claimant, given her circumstances? No, because, again, the ALJ kept insisting that that issue was considered. I mean, it's $400 a week above the level? Yes, $400 a week is definitely above the level. But the commissioner just didn't pursue that avenue, I guess. Well, what the commissioner did ultimately... You can finish your point, and then we do have to wrap it up. What the commissioner did ultimately was base the assessment on the overpayment that was determined on the Social Security side of the house. So the Social Security benefits people terminated her benefits and determined that she had been overpaid by a certain amount. When they terminated it, did they make a finding specifically as to substantial gainful activity or work activity? Yes. Was it substantial gainful? They said she had engaged in substantial gainful activity. And that letter is in the record. Okay, that's very interesting. Here we are with work activity. Okay, well, thank you very much for your argument. That's okay. I need to apologize. We'll have to have a rebuttal. I'm going to join Sister Council in offering my apologies for this. But Judge Bush, to go to your question, I do think that there's an interesting point to be made about if we want to conclude that work activity is relevant to substantial gainful activity, just because I would submit to the panel that just because something is relevant to a material fact does not make that thing a material fact, right? And so if you can impose a civil penalty for withholding or misrepresenting a material fact, if we want to conclude that substantial gainful activity is the material fact, just because work activity might be relevant to that, I don't think that that's a sufficient basis for saying that we will impose a civil penalty for failure to disclose something regarding work activity. I think the government would say it's not just relevant, it's actually a component of substantial gainful activity, and proof of work activity is a sine qua non of proof of substantial gainful. We can't do it without the work activity proof, which means even if substantial gainful is what's material, we still have to provide the evidence of work activity for the government to be able to make the substantial gainful determination, I think is what they would say. I anticipate they'd make the same argument. What I would submit, and this isn't the direction that I want to see this case go in, but what I would submit from a legal standpoint, the proper thing to do, if that is the direction the panel were to go in, probably would be to remand. Because if we can agree that even if we want to say substantial gainful activity usually encompasses work activity, that doesn't mean that all work activity is substantial gainful activity. And so if this panel were to say, we think there is evidence of work activity going to Judge Gilman's point about someone volunteering, for example, I think what would be necessary at that point is to remand to make factual determinations supported by testimony about what were you doing and how does that compare to what's available in the national economy. Is this a case where your brother was, you know, helping you out or not? Well, this case is interesting because you have the interpretive issue, but you also have the knowledge issue, which is baked into the statute. Whether Ms. Fallon could sort this out reasonably, I guess, is a separate question. If so, she's a more intelligent person than I am, Connor. I'll put it that way, which is very much possible. Thank you very much, you both, for your arguments. The case will be submitted.